CROWNINSHIELD (CHOATE v.). See Case No. 2,691.

CROWNINSHIELD (DELAPLAINE v.). See Case No. 3,756.

CROWNINSHIELD (LE ROY v.). See Case No. 8,269.

## Case No. 3,451.
CROWNINSHIELD v. ROBINSON et al.

[1 Mason, 93.] [1]

Circuit Court, D. New Hampshire. Oct. Term, 1816.

### BREACH OF CONTRACT—DAMAGES.

In an action for damages for negligence in keeping the plaintiff's sheep, founded on the breach of a special contract, the defendant will not be permitted to deduct from the damages the compensation, which he claims for keeping the sheep. Such compensation, if any be due, must be sought in a distinct action.

[Cited in Miller v. Smith, Case No. 9,590.]

Assumpsit upon a special written contract for keeping 100 sheep of the plaintiff [Richard Crowninshield] for one year at a stipulated price. The breach alleged that by reason of the negligence of the defendants [David Robinson and others], &c., the sheep were greatly injured, and some died. The cause was tried upon the general issue, and at the trial the principal controversy was as to the facts.

---

[1] [Reported by William P. Mason, Esq.]

Mr. Mason, of counsel for defendants, however, contended that, if the jury should be satisfied that the plaintiff was entitled to damages, they ought to deduct from such damages the amount which, under a quantum meruit, or by the stipulations of the contract, the defendants would be entitled to recover for the keeping of the sheep, and, if this sum was equal to the damages sustained, they ought to return a verdict for the defendants. He further stated that an action was now pending in the state court by the defendants against the plaintiff, founded on such quantum meruit.

Mr. Sullivan, for plaintiff, on the other hand, contended that the jury were bound to give the full damages, without any reference to any supposed right of the defendants to be asserted under the quantum meruit for the keeping of the sheep.

BY THE COURT. We are fully aware of the opinions which have been entertained in the English courts upon this subject, and of the strong leaning of the later authorities in favor of the doctrine of the defendants' counsel. But, in our judgment, the true rule under the circumstances of this case is, to estimate the full value of the plaintiff's damages, without taking into the account the possible claims of the defendants for the keeping of the sheep. If the defendants are entitled to any thing for the keeping, they may recover it in another form of action, to the extent, to which they can show a performance of their contract, and a benefit derived by the plaintiff. A recovery in this action would be no necessary bar to such a suit; and, therefore, the plaintiff might be doubly charged, if the deduction were now made. Besides, if the defendants were entitled to a meritorious compensation, equal to the injury sustained by the plaintiff, then, upon the ground stated, notwithstanding such injury, the verdict of the jury ought to be, that the defendants are not guilty, which would throw the costs of the suit upon the plaintiff. And, certainly, in that event, a judgment for the defendants in this action would be no bar to an action on a quantum meruit for keeping the sheep; for it never could judicially appear, that the former verdict was given upon this special ground, and not upon the ground, that the plaintiff had sustained no injury. The verdict would affirm nothing, but a general finding in favor of the defendants; and the private grounds upon which the jury proceeded, could never be a fit subject of inquiry, even supposing, what might well be doubted, that they were all agreed on the same grounds.

After a good deal of reflection on the subject, we think it safest, though the point is certainly not free from difficulty, to adhere to the old doctrine, and to confine the later doctrine to such cases only, where it is incontestable, that the parties cannot be prejudiced. It is at most an equitable offset, which ought not to be admitted, when it may work against equity. The case might have admitted of a very different consideration, if the present defendants had brought an action upon the contract for compensation for keeping the sheep; for, to such an action, gross negligence and injury would be a complete defence, since they would establish the fact of a non-performance of the contract, according to the express engagement of the defendants. And even on a quantum meruit, such negligence or injury might, under circumstances, constitute a bar to the action, or be proper evidence to reduce the amount of the compensation.[2]

Verdict for the plaintiff.

CROZIER (UNITED STATES v.). See Case No. 14,896.

---

[2] Upon this point see Baston v. Butter, 7 East, 479; Templer v. M'Lachlan, 5 Bos. & P. 136; Farnsworth v. Garrard, 1 Camp. 38; Fisher v. Samuda, Id. 190; Bilbie v. Lumley, 2 East, 469; Kist v. Atkinson, 2 Camp. 63; Morgan v. Richardson, cited in 3 J. P. Smith (Eng.) 486, and in 1 Camp. 40, note; Denew v. Daverell, 3 Camp. 451; Sheels v. Davies, 4 Camp. 119; Okell v. Smith, 1 Starkie. 107.

